IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCE TRADING, INC., an<br>Illinois corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | Magistrate |
| | ) | |
| LIEBEN, WHITTED, HOUGHTON, | ) | Case No. 1:12-cv-33 |
| SLOWIACZEK & CAVANAGH, P.C. | ) | |
| L.L.O. and T. GEOFFREY LIEBEN, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff Advance Trading, Inc. ("ATI"), by its attorneys, Freeborn &

Peters LLP, and for its Complaint against Lieben, Whitted, Houghton, Slowiaczek & Cavanagh,

P.C., L.L.O. (the "Lieben Firm") and T. Geoffrey Lieben ("Lieben") (collectively, "Defendants")

alleges the following:

## NATURE OF ACTION

1.      This action seeks redress for Lieben's legal malpractice in representing and

advising ATI in connection with issues related to the Advance Trading, Inc. 401(k) Plan and

Employee Stock Ownership Plan (the "Plan"). Defendants negligently advised and therefore

caused ATI to amend the Plan and to make certain distributions to participants that were not

allowed under the Internal Revenue Code or the terms of the Plan as amended. As a result, ATI

has suffered substantial damages of no less than $300,000.00.

## THE PARTIES

2.      Plaintiff ATI is an Illinois corporation with its principal place of business in Bloomington, Illinois.  ATI is a commodity brokerage firm that provides risk management and market guidance to clients throughout the state of Illinois, the rest of North America, the Middle East and Asia.

3.      Defendant Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., L.L.O. is a professional legal services corporation incorporated in Nebraska with its principal place of business in Omaha, Nebraska.  The Lieben Firm markets its services and competes with firms throughout the Midwest and Illinois as a supplier of legal services.  On its website, Defendant promises that its lawyers are "recognized leaders" who "are committed to the same level of excellence and are dedicated to bringing our clients the highest degree of legal expertise and services available in the Midwest."

4.      According to the firm's website, Lieben is an attorney employed by the Lieben Firm who specializes in estate, financial and retirement planning.  Lieben concentrates his practice in the creation and utilization of employee stock ownership plans ("ESOP").  Lieben is a member of the American Bar Association.

5.      On information and belief, Defendants solicit and market their legal services to clients in the Northern District of Illinois.  Defendant advertises several "representative clients" in the Martindale directory located in Chicago, including ATI.

## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

**A.      ATI engaged Defendants to advise it in connection with the Plan.**

7.      ATI offers its employees participation in a 401(k) Plan and ESOP (the "Plan"). To do so, ATI must meet certain requirements in the Internal Revenue Code to be a qualified benefit plan.

8.      Defendants market themselves as experts in the field of financial, estate and retirement planning. Lieben specifically represents himself as having been practicing for more than 40 years and having gained experience in nearly every aspect of this field. Lieben is a member of the ESOP Association, an association for the benefit of corporations that sponsor employee stock ownership plans, and the American Bar Association's Employee Benefits Committee of Tax Section, which focuses and educates members on developments and issues relating to employee benefits under the Internal Revenue Code, ERISA and other laws.

9.      In or around the fall of 2003, in reliance on Defendants' representations that they specialized in advising clients with respect to employee benefit plans and ESOPs, ATI retained Defendants as benefits counsel in connection with the Plan. Defendants agreed to advise ATI in regards to various matters and specifically in regards to how to act in conformance with the terms of the Plan and the Internal Revenue Code. From time to time over the next several years, ATI sought Defendants' advice in matters pertaining to the Plan.

10.     In January 2009, ATI sought Defendants' advice to determine whether it was possible for the Plan to make pre-age 59 ½ distributions to certain participants which would be in conformance with all applicable federal and state laws and the Internal Revenue Code and avoid triggering a Plan disqualification. Defendants agreed to advise ATI with respect to this issue and to draft appropriate amendments to the Plan (the "Agreement").

11.     On January 21, 2009, Defendants advised ATI by e-mail that it was appropriate for the Plan to make pre-age 59 ½ distributions and promised to draft and provide ATI with an amendment that ATI could make to the Plan to accomplish this. A true and correct copy of a January 27, 2009 internal e-mail forwarding Lieben's January 21, 2009 email is attached to this Complaint as Exhibit A. At all times, Defendants knew that ATI would rely on this advice. Defendants negligently failed to advise ATI that the Internal Revenue Code prohibited pre-age 59 ½ distributions from employee elected deferrals and employer safe harbor contributions.

12.     Defendants sent ATI an amendment to the Plan via email on January 21, 2009 that Defendants advised would allow "direct transfers of pre-59 ½ 401(k) accounts to IRAs and other eligible retirement plans" ("Amendment"). In fact, the Amendment only allowed distributions of after-tax, profit-sharing and ESOP dividend contributions. The Amendment explicitly prohibited distributions from employee elected deferrals and was silent on distributions from safe harbor contributions. A true and correct copy of the Amendment is attached to this Complaint as Exhibit B. Defendants intended for ATI to implement and rely on the Amendment in making distributions to pre-age 59 ½ participants.

13.     ATI paid Defendants for all of the professional legal services performed by Defendants and ATI otherwise performed its obligations under the Agreement.

**B.**     **Defendants' negligent advice caused ATI to make distributions that violated the Plan as amended and the Internal Revenue Code.**

14.     In reasonable reliance on Lieben's advice, ATI implemented the Amendment to the Plan that Defendants provided and advised its participants, in accordance with Defendants' advice, that they could elect to transfer their 401(k) deferral accounts and safe harbor matching contribution accounts to IRAs without triggering a disqualification of the Plan or penalties under the Internal Revenue Code. Consequently, several pre-age 59 ½ participants did elect to transfer funds from their 401(k) accounts to IRAs and ATI made distributions to them ("Disqualifying Distributions").

15.     In or around August 2011, ATI discovered that, despite Lieben's unqualified advice that the Amendment would allow for the direct transfer of pre-age 59 ½ 401(k) distributions, the Amendment in fact allowed only certain transfers. Specifically, item 4 of the Amendment Lieben sent to ATI on January 21, 2009 prohibited distributions of employee elected deferrals and was silent on the topic of safe harbor contributions.

16.     In addition, ATI discovered that, despite Defendants' advice to the contrary, the Internal Revenue Code prohibited pre-age 59 ½ distributions of employee elected deferrals and safe harbor contributions. Thus, even if the Amendment had allowed the transactions that Defendants represented it would, the Disqualifying Distributions violated the Internal Revenue Code and could disqualify the Plan. See Internal Revenue Code §401.

17.     On August 28, 2011, Lieben admitted in an email to ATI that his January 21, 2009 advice was "poorly worded." A true and correct copy of an email dated August 29, 2011 forwarding that e-mail is attached to this Complaint as Exhibit C. Accordingly, on August 30, 2011, Defendants admitted in a letter to ATI that the Disqualifying Distributions were improper

5

and must be corrected, and offered to advise and assist ATI in doing so. A true and correct copy of that letter is attached to this Complaint as Exhibit D.

**C.     As a result of Defendants' actions, ATI has been damaged.**

18.     Because the Disqualifying Distributions can disqualify the Plan, ATI must now take corrective actions to maintain the Plan's qualified status. As a result of the Disqualifying Distributions made pursuant to Defendants' advice, ATI must, among other things, retroactively amend the Plan back to 2009 so that the Plan documents correctly exclude pre-age 59 ½ distributions of safe harbor matching contribution accounts. In doing so, ATI has incurred and will continue to incur costs including but not limited to attorney's fees, administrative fees and IRS filing fees.

19.     In order to maintain the qualified status of the Plan, ATI must also return the Disqualifying Distributions to the appropriate participants' accounts. As a result, ATI already incurred attorney's fees, transaction fees and/or IRS filing fees in the amount of $48,753.83, and may incur more in the future.

20.     In addition, because the Disqualifying Distributions caused ATI to enter into prohibited transactions with respect to Disqualified Persons under the Internal Revenue Code, ATI will incur otherwise inapplicable excise taxes in connection with at least four of the Plan participants. As shown in the table below, ATI has calculated that the total amount of excise taxes it will have to pay to the IRS as a result of Defendants' actions is $287,347.35:

|  | Age During Transaction | Transaction Date | Total Disqualifying Distributions | Excise Tax Percentage | Excise Tax Amount |
|---|---|---|---|---|---|
| Participant 1 | 52 | 02/18/09 | $111,529.79 | x 15% | $16,729.47 |
|  | 53 | 07/10/09 | $55,819.62 | x 15% | $8,372.94 |
|  | 53 | 07/29/09 | $31,127.35 | x 15% | $4,669.10 |
|  | 53 | 02/03/10 | $5,954.68 | x 15% | $893.20 |
|  | 53 | 02/03/10 | $22,781.64 | x15% | $3,417.25 |
|  | 53 | 02/04/10 | $14,886.67 | x 15% | $2,233.00 |
|  | 53 | 03/30/10 | $45,955.70 | x 15% | $6,893.36 |
|  | 54 | 11/22/10 | $19,226.65 | x 15% | $2,884.00 |
|  | 54 | 04/20/11 | $21,019.66 | x 15% | $3,152.95 |
|  | 54 | 04/21/11 | $42,039.33 | x 15% | $6,305.90 |
|  | 55 | 08/19/11 | $8,102.79 | x 15% | $1,215.42 |
| Participant 2 | 48 | 02/18/09 | $16,574.54 | x 15% | $2,486.18 |
|  | 48 | 05/19/09 | $23,677.94 | x 15% | $3,551.69 |
|  | 49 | 03/17/10 | $267,795.28 | x 15% | $40,169.29 |
|  | 50 | 09/28/10 | $257,819.35 | x 15% | $38,672.90 |
|  | 50 | 01/10/11 | $370,937.30 | x 15% | $55,640.60 |
|  | 50 | 02/01/11 | 260,009.47 | x 15% | $39,001.42 |
| Participant 3 | 56 | 01/05/11 | $279,188.98 | x 15% | $41,878.35 |
| Participant 4 | 53 | 01/07/11 | $61,202.23 | x 15% | $9,180.33 |
| **TOTAL** |  |  |  |  | **$287,347.35** |

21.     In addition, in order to ascertain which Disqualifying Distributions incur an excise

tax and calculate and pay the correct amount of excise taxes, ATI has incurred and will incur

attorney fees in addition to the excise taxes themselves.

## COUNT I
## BREACH OF CONTRACT

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1-20 as if fully set

forth herein.

23.     In or around January 2009, ATI and Defendants entered into a valid and enforceable contract, as set forth in paragraphs 7-13 above.

24.     ATI paid Defendants for all legal services performed in connection with the Plan, including the advice and Amendment rendered by Defendants in January 2009, and otherwise performed all of its obligations under the Agreement.

25.     Defendants breached the Agreement of the parties by providing negligent advice and counsel and failing to draft appropriate amendments to the Plan.

26.     But for Defendants' material breaches of the Agreement, ATI would not have amended the Plan and would not have made the Disqualified Distributions.

27.     As a direct and proximate result of Defendants' breaches of the Agreement, ATI has suffered and will continue to suffer damages in an amount not yet determined but which are at least $300,000.00.

WHEREFORE, Advance Trading respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be determined at trial, but which is not less than $300,000.00, together with costs, interest and attorneys' fees accrued in connection with this matter, any other damages recoverable under law, and any other and further relief as this Court deems just and equitable.

## COUNT II
## PROFESSIONAL NEGLIGENCE
### (In the Alternative to Count I)

28.     Plaintiff re-alleges and incorporates by reference paragraphs 1-27 as if fully set forth herein.

8

29.     The Lieben Firm is a professional services company that provides legal services to employers and others regarding financial, retirement and estate planning, including employee benefit plans and employee stock ownership plans. As a professional legal services company, the Lieben Firm is in the business of providing information for the guidance of others in business dealings.

30.     Lieben is an attorney at the Lieben Firm with 40 years of experience in the area of financial, retirement and estate planning. Lieben holds himself out as specializing in advising clients with respect to employee benefits, taxation and trusts and estates. As an expert in this field, Lieben claims to have lectured and written articles on these topics. On information and belief, Lieben has designed and created employee benefit plans and ESOPs like the ones implemented by ATI on which Lieben advised ATI.

31.     In or around 2003, the parties entered into an agreement whereby Defendants agreed to periodically provide professional legal services to ATI which included advising ATI with respect to its Plan regarding conformance with all applicable federal and state laws, including the Internal Revenue Code.

32.     Based upon the business relationship between the parties, Defendants owed a duty to ATI to provide accurate information to ATI with respect to the Plan and ESOP.

33.     Defendants were negligent in the performance of their professional legal services rendered to ATI by failing to advise ATI that the Plan could not make pre-age 59 ½ distributions of elected employee deferrals and safe harbor contributions and by providing an Amendment that was ineffective to accomplish that even if it were allowed. As a result of Defendants' negligence, ATI made Disqualifying Distributions in violation of the Internal Revenue Code.

34.     With respect to its representation of ATI, Defendants were negligent in that they failed to use the ordinary skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in performance of the tasks that Defendants were obligated to perform on behalf of ATI.

35.     But for the professional negligence of Defendants, ATI would not have amended its Plan and would not have made the Disqualified Distributions.

36.     As a direct and proximate cause of Defendants' professional negligence, ATI has suffered and will continue to suffer damages in an amount not yet determined but which are at least $300,000.00.

WHEREFORE, Advance Trading respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be determined at trial, but which is not less than $300,000.00, together with costs, interest and attorneys' fees accrued in connection with this matter, any other damages recoverable under law, and any other and further relief as this Court deems just and equitable.

## **JURY DEMAND**

Advance Trading respectfully demands trial by jury on all issues so triable.

Respectfully submitted,

ADVANCE TRADING, INC., Plaintiff


By:  /s/ Jeffrey W. Salmon
                One of Its Attorneys

Michael J. Kelly
Jeffrey W. Salmon
John C. Hammerle
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000

January 5, 2012

*Attorneys for Plaintiff*
*ADVANCE TRADING, INC.*

11